**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | |
|---|---|
| MAURICE D. BRADLEY, individually and on behalf of others similarly situated, )<br><br>Plaintiff )<br>)<br>)<br>vs. )<br>)<br>MIDWEST MANUFACTURING, INC., )<br>)<br>Defendant ) | )<br>)<br>)<br>)<br>) **COLLECTIVE ACTION PURSUANT TO**<br>) **29 USC § 216(b)**<br>)<br>) CASE NO.<br>)<br>)<br>)<br>) |

*PLAINTIFF'S INDIVIDUAL AND FLSA COLLECTIVE ACTION COMPLAINT*

*I.  STATEMENT OF THE CASE*

Plaintiff Maurice D. Bradley ("Bradley") brings this collective action against Defendant Midwest Manufacturing, Inc. ("Midwest Manufacturing") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 USC § 216(b), for overtime pay violations.  Bradley brings this action for himself and for all current and/or former hourly-paid employees of Midwest Manufacturing who worked for Midwest Manufacturing at its Terre Haute, Indiana location and who were similarly subjected to Midwest Manufacturing's compensation scheme whereby Midwest Manufacturing was not compensating employees for certain breaks (rest periods) of twenty minutes or less.

Specifically, Midwest Manufacturing utilizes and has utilized a compensation scheme whereby it only pays its hourly paid workers for time recorded on an electronic time clock system.  Midwest Manufacturing has a policy and practice whereby it requires its hourly paid employees to clock out and not be paid wages for time spent in short breaks of twenty minutes or

less (e.g., bathroom breaks, drink breaks, cigarette breaks, etc...).  Employees will only begin to be paid wages again after clocking back in at the end of the short break of twenty minutes or less.

In violation of the FLSA, Midwest Manufacturing was not compensating its hourly paid employees for certain short breaks (rest periods) of twenty minutes or less, particularly unscheduled breaks of twenty minutes or less.

Pursuant to principles of supplemental jurisdiction, Bradley will pursue his own individual claim to recover wages for all unpaid breaks of twenty minutes or less under the Indiana Wage Claims Statute, I.C. 22-2-9.

## II.  FACTUAL ALLEGATIONS

1. Bradley is a resident of the State of Indiana, and is domiciled in Terre Haute, Vigo County, Indiana.  Bradley is a former employee of Midwest Manufacturing.  Bradley worked as an hourly paid team member from approximately March 2015 until he was involuntarily terminated on or about February 13, 2017.  Bradley attaches his written consent as Exhibit A to join this matter as an FLSA collective action.

2. Midwest Manufacturing is a foreign corporation with its primary headquarters in Eau Claire, Wisconsin.  Midwest Manufacturing employed Bradley and all other potential FLSA opt-in plaintiffs at its location in Terre Haute, Indiana.

3. Bradley and his similarly situated coworkers worked at a facility that produced home construction and home improvement products (e.g., pre-fabricated trusses, concrete blocks, fencing, etc...).

4. Bradley and his similarly situated coworkers are and were common victims of

Midwest Manufacturing's compensation scheme whereby Midwest Manufacturing fails and refuses to pay wages to its hourly-paid employees for all time spent working. Specifically, all breaks of twenty minutes or less are compensable work time under the Fair Labor Standards Act.

5. Midwest Manufacturing has had a long-standing policy and practice whereby it does not compensate its hourly paid workers for unscheduled short breaks (rest periods) of twenty minutes or less. Instead, Midwest Manufacturing requires its hourly paid workers to clock out on the company's electronic time clock before taking a break (e.g., bathroom break, drink break, cigarette break, etc..) and clocking back in at the end of the break.

6. Midwest Manufacturing is aware that Bradley and his similarly situated coworkers have been working time and overtime for which they are not compensated. As described above, Midwest Manufacturing has been intentionally treating unscheduled rest periods of twenty minutes or less as uncompensated, off the clock time.

7. Over the course of his employment from March 2015 through February 2017, Bradley worked overtime (in excess of forty hours in the work week) but was not paid for all of his compensable work hours because he was not paid for breaks of twenty minutes or less that were recorded and treated as unpaid time. Those unpaid breaks constitute unpaid overtime compensation in all weeks Bradley also worked more than forty hours. The same was true for all of Bradley's similarly situated coworkers who were subjected to unpaid breaks of twenty minutes or less and who were not paid overtime during weeks of work that were in excess of forty hours.

8. Midwest Manufacturing's wage violations based upon its failure to pay wages for recorded breaks of twenty minutes or less should be easy to prove on a class-wide basis through

Midwest Manufacturing's own time clock records and pay roll records for Bradley and all FLSA opt-in plaintiffs.

9. Midwest Manufacturing intentionally and knowingly violated its employees' rights to be paid earned wages and to be paid earned overtime compensation.

10. By way of this Complaint, Bradley seeks for himself and for all other similarly situated hourly-paid employees all wages, all overtime compensation, and any and all liquidated damages owed to each. Additionally, Bradley seeks payment of his reasonable attorney's fees, costs and expenses.

### III.  COLLECTIVE ACTION ALLEGATIONS

11. Bradley incorporates herein by reference paragraphs 1 - 10 above.

12. Bradley brings his claims in her capacity as and individual, and as a collective action on behalf of other current and former Midwest Manufacturing hourly paid employees who worked for the company at its Terre Haute, Indiana location. All said individuals were common victims of Midwest Manufacturing's scheme to treat breaks of twenty minutes or less as unpaid time.

13. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b) on behalf of Bradley and on behalf of all Midwest Manufacturing's Terre Haute, Indiana hourly-paid employees who were damaged by Midwest Manufacturing's compensation system which resulted in unpaid work time. By virtue of the "collective action," Bradley represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstance. Bradley anticipates that other Midwest Manufacturing employees and former employees from the Terre

Haute location will opt in to the action.

14. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

15. Bradley will act to fairly and adequately protect the interests of the entire collective group/class of current and former Midwest Manufacturing employees.

16. A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

## IV. JURISDICTION AND VENUE

17. This Court has jurisdiction over Bradley's FLSA claims under 28 USC § 1331, as those FLSA claims raise a question of federal law. See 29 USC § 201 et seq. The Court has supplemental jurisdiction over Bradley's individual claim under the Indiana Wage Claims Statute, as that claim has a common basis in fact with his FLSA claim.

18. This Court is the appropriate venue for this cause of action as Bradley resides and worked for Midwest Manufacturing in Vigo County, Indiana, and most of the illegal activity took place in the Southern District of Indiana. 28 USC § 1391.

## V. ADMINISTRATIVE PROCEDURES

19. Bradley has complied with all of the administrative procedures that are conditions

precedent to the filing of this lawsuit. Bradley was involuntarily terminated from employment by Midwest Manufacturing. As such, Bradley's wage claims to recover his unpaid and underpaid wages arise under the Indiana Wage Claims Statute, I.C. 22-2-9. Bradley obtained a letter from the Indiana Attorney General's Office dated April 11, 2017, which permits his attorney to file this wage claim on Bradley's behalf as the Indiana Attorney General's "designee."

## VI.  STATEMENT OF CLAIMS

### A.  Fair Labor Standards Act Claims

20. Bradley incorporates herein by reference paragraphs 1 through 19 above.

21. Midwest Manufacturing is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA.. Midwest Manufacturing is an "employer," as that term is defined by the FLSA.

22. Midwest Manufacturing has violated Bradley's right and the right of every similarly situated coworker of Bradley to be properly paid overtime wages in a manner required by the FLSA.

23. Midwest Manufacturing has repeatedly violated the FLSA's overtime provisions by not paying Bradley and members of the Plaintiff Class at the required overtime compensation rate for all hours worked over 40 in a work week.

24. Midwest Manufacturing's failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects Midwest Manufacturing to a three year statute of limitations.

25. Bradley and the Plaintiff Class seek all available damages, including unpaid

wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Midwest Manufacturing's violations of their rights under the Fair Labor Standards Act.

### B. Bradley's Individual Indiana Wage Claims Statute Claim

26. Bradley incorporates herein by reference paragraphs 1 through 25 above.

27. Midwest Manufacturing's failure to pay Bradley his full wages, including wages for every recorded break of twenty minutes or less, 1) on time and 2) in full were acts of bad faith. Bradley is certainly entitled to payment of all of his earned wages, liquidated damages for the late paid wages, and liquidated damages for the unpaid wages. Bradley's right to damages arises under I.C. 22-2-9-4(b), which incorporates the damages provisions of I.C. 22-2-5-2.

28. By way of this Complaint, Bradley is seeking all available damages, including all unpaid wages caused by illegal wage deductions, an additional amount equal to two (2) times his unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to Indiana Law.

### VII. PRAYER FOR RELIEF

WHEREFORE, Bradley, individually and on behalf of members of the collective group of current and former employees of Midwest Manufacturing, respectfully requests that the Court enter judgment against Midwest Manufacturing and issue all available relief to Bradley and to the entire collective group, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All unpaid wages;

3. All statutory damages owed to Bradley under I.C. 22-2-9, which incorporates I.C. 22-2-5-2, including, but not limited to, all treble/liquidated damages, costs, and statutorily authorized damages;

4. All reasonable attorney's fees and expenses;

5. Costs;

6. Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net


GIBBONS LEGAL GROUP, P.C.

By_____
Robert J. Hunt
Attorney No. 30686-49
3091 E. 98th St. Ste. 280
Indianapolis, IN 46280
(317) 706-1100
Facsimile: (317) 623-8503
rob@gibbonslegalgroup.com