# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

MAURICE D. BRADLEY, individually and
on behalf of others similarly situated,

       Plaintiff,

   v.

MENARD, INC.,

       Defendant.

Case No. 2:17-cv-00165-JMS-MPB

## STIPULATION OF CLASS/COLLECTIVE ACTION SETTLEMENT

**Table of Contents**

1.  Definitions...................................................................................................... 1

  1.1  Agreement. ............................................................................................ 1

  1.2  Class Counsel. ....................................................................................... 2

  1.3  Defendant. .............................................................................................. 2

  1.4  *Edwards* Action. .................................................................................... 2

  1.5  Effective Date. ....................................................................................... 2

  1.6  Eligible Workweeks. ............................................................................. 2

  1.7  Employer Taxes. .................................................................................... 2

  1.8  Fairness Hearing. ................................................................................... 3

  1.9  Final Approval. ...................................................................................... 3

  1.10  FLSA Consent Form. ........................................................................... 3

  1.11  FLSA. .................................................................................................. 3

  1.12  *Griffith* Action. .................................................................................. 3

  1.13  Litigation. ............................................................................................ 4

  1.14  Named Plaintiffs. ................................................................................ 4

  1.15  Net Settlement Amount....................................................................... 4

  1.16  Notice. ................................................................................................. 4

  1.17  Parties. ................................................................................................. 4

  1.18  Policy................................................................................................... 4

  1.19  Released Persons. ................................................................................ 4

1.20    Releasing Persons................................................................................................ 5

1.21    Remainder Amount. ............................................................................................ 7

1.22    Response Deadline. ............................................................................................. 7

1.23    Revised Policy..................................................................................................... 8

1.24    Rule 23 ................................................................................................................ 8

1.25    Rule 23 Claims. ................................................................................................... 8

1.26    Rule 23 Class Members....................................................................................... 10

1.27    Rule 23 Classes. .................................................................................................. 10

1.28    Service Payment. ................................................................................................ 10

1.29    Settlement Amount.............................................................................................. 10

1.30    Settlement Class .................................................................................................. 11

1.31    Settlement Class Member.................................................................................... 13

1.32    Settlement Class Periods ..................................................................................... 14

1.33    Settlement Class Workweeks. ............................................................................. 16

1.34    Settlement Payments. .......................................................................................... 16

1.35    Statutory Period. ................................................................................................. 16

1.36    Team Members. ................................................................................................... 16

1.37    Temporary Employee. ......................................................................................... 17

1.38    Unknown Claims. ................................................................................................ 17

2.    Background ................................................................................................................ 18

2.1    Parties. ................................................................................................................. 18

2.2    First Amended Complaint Allegations................................................................ 18

2.3    March 6, 2018 Mediation ................................................................................... 18

2.4    Investigation of Claims ...................................................................................... 19

3.    Jurisdiction ................................................................................................................ 20

3.1    Present Jurisdiction. ............................................................................................ 20

3.2    Continuing Jurisdiction. ..................................................................................... 20

4.    Duties Of The Parties Following Final Approval By The Court ............................. 20

4.1    Revised Policy..................................................................................................... 20

4.2    Motion for Preliminary Approval, Motion for Class Certification, and Second Amended Complaint........................................................................................................... 20

4.3    Motion to Dismiss the *Griffith* Action. .............................................................. 22

4.4    Statement Of No Admission. .............................................................................. 22

4.5    Fairness Hearing and Entry of Judgment. .......................................................... 23

4.6    Stay and Dismissal of the *Edwards* Action........................................................ 23

5. Administration Of The Agreement .................................................................. 24

6. Service Payments .......................................................................................... 24

   6.1 Service Payments To Be Made To Named Plaintiffs ................................... 24

   6.2 Eligibility For Service Payments To Named Plaintiffs ................................ 25

   6.3 Payment of Service Payments ..................................................................... 25

   6.4 Consideration Of Service Payments Separate From Fairness, Adequacy, And Good Faith Of Agreement. ........................................................................................ 25

7. Calculation Of individual settlement Payments ............................................... 25

   7.1 Calculation of Individual Settlement Payments for Temporary Employees. ................. 25

   7.2 Workweek Information. ............................................................................... 26

   7.3 Calculation of Individual Settlement Payments. .......................................... 28

8. Distribution of the Settlement Payments ........................................................ 29

   8.1 Each Member Of The Settlement Class Is Entitled To A Rule 23 Settlement Payment.29

   8.2 Payment of the FLSA Settlement Payment Portion Of The Individual Settlement Payments. ........................................................................................................... 29

   8.3 Timing of Distribution of Individual Settlement Payments ........................... 29

   8.4 Donation Of The Remainder Amount As A *Cy Pres* Award. ...................... 29

9. Notice, Objections, And Exclusion Rights ...................................................... 30

   9.1 Mailing of Notice to Settlement Class Members .......................................... 30

   9.2 Opting-In To The FLSA Settlement Collective. ........................................... 31

   9.3 Opting Out. ................................................................................................. 31

   9.4 Failure To Opt-Out. .................................................................................... 31

   9.5 Submission of A FLSA Consent Form Will Trump An Opt-Out Form. ......... 32

   9.6 Objections. ................................................................................................. 32

   9.7 Cooperation. ............................................................................................... 33

10. Waiver And Releases .................................................................................... 33

   10.1 Release By The FLSA Collective Members. .............................................. 33

   10.2 Release By The Illinois Settlement Class Members .................................... 34

   10.3 Release By The Indiana Settlement Class Members .................................... 34

   10.4 Release By The Iowa Settlement Class Members ........................................ 35

   10.5 Release By The Michigan Settlement Class Members ................................. 36

   10.6 Release By The Minnesota Settlement Class Members ............................... 36

   10.7 Release By The Missouri Settlement Class Members .................................. 37

   10.8 Release By The Nebraska Settlement Class Members ................................. 38

   10.9 Release By The North Dakota Settlement Class Members .......................... 38

10.10 Release By The Ohio Settlement Class Members............................................................. 39

10.11 Release By The South Dakota Settlement Class Members............................................ 39

10.12 Release By The Wisconsin Settlement Class Members................................................. 40

11. Termination Of Settlement ................................................................................................ 40

11.1 Court Approval................................................................................................................. 40

11.2 Nullification of the Agreement. ...................................................................................... 40

12. Attorneys' Fees And Costs ................................................................................................. 41

13. Taxation And Allocation...................................................................................................... 42

13.1 Payments as Taxable Income ......................................................................................... 42

13.2 Tax Liability...................................................................................................................... 42

13.3 Defendant's Responsibility for Employer Taxes ......................................................... 43

13.4 Circular 203 Disclaimer. ................................................................................................. 43

14. Miscellaneous Provisions.................................................................................................... 44

14.1 Stay of Litigation............................................................................................................. 44

14.2 Interpretation of the Agreement .................................................................................... 44

14.3 Publicity ............................................................................................................................ 45

14.4 Further Cooperation ........................................................................................................ 46

14.5 Confidentiality of Documents ........................................................................................ 46

14.6 Notices............................................................................................................................... 46

14.7 Counterparts ..................................................................................................................... 47

14.8 Authority ........................................................................................................................... 47

14.9 No Third Party Beneficiaries.......................................................................................... 47

14.10 Force Majeure ................................................................................................................ 47

14.11 Deadlines Falling on Weekends or Holidays .............................................................. 47

14.12 Severability...................................................................................................................... 47

CO\5907943.2

## STIPULATION OF CLASS/COLLECTIVE ACTION SETTLEMENT

This Stipulation of Class Action Settlement[1] is made by and between the Named Plaintiffs Maurice D. Bradley and Kenneth R. Edwards on their own behalf and on behalf of all Settlement Class Members, on the one hand, and Defendant Menard, Inc. on the other hand, in the lawsuit entitled *Maurice D. Bradley, et al. v. Menard, Inc.*, filed in the United States District Court for the Southern District of Indiana, Terre Haute Division, Case No. 2:17-cv-00165-JMS-MPB.

This Agreement settles collective claims brought pursuant to the provisions of the Fair Labor Standards Act and class action claims under various state labor laws pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Upon execution of this Agreement, final approval by the Court, and the Agreement becoming Effective (following any appeal periods), it is the express intention of the Parties to fully, finally and forever resolve, discharge, and settle all claims which were brought or could have been brought in the Litigation or the *Edwards* Action, by the Named Plaintiffs, by any "opt-in" FLSA Collective Member, or by any Rule 23 Class Member who declined to opt out of this Agreement as set forth below and who therefore constitute a member of the Settlement Class.

## 1. DEFINITIONS

### 1.1 **Agreement.**

The term "Agreement" means this Stipulation of Class Action Settlement and the terms under which the Parties have agreed to resolve the claims in this Litigation.

---

[1] Any capitalized term is a defined term as provided in Section 1.

CO\5907943.2

### 1.2    **Class Counsel.**

The term "Class Counsel" as used herein means Allen R. Vaught of the firm Baron & Budd, PC; Hans A. Nilges of the law firm Nilges Draher LLC; Robert Peter Kondras, Jr. of the firm Hunt Hassler Kondras & Miller LLP; and Robert J. Hunt Law Office of Robert J. Hunt LLC.

### 1.3    **Defendant.**

The term "Defendant" as used herein means Defendant Menard, Inc. and any predecessors, divisions, or subsidiaries of Menard, Inc., including without reservation, Midwest Manufacturing.

### 1.4    *Edwards* **Action.**

The term "*Edwards* Action" as used herein means the action entitled *Kenneth R. Edwards, et al. v. Menard, Inc.*, filed in the United States District Court for the Southern District of Indiana, Terre Haute Division, Case No. 2:17-cv-00478-JMS-MJD.

### 1.5    **Effective Date.**

The term "Effective Date" means the date by which all of the following has occurred: (i) if no appeal is timely filed, thirty (30) days after the Final Approval, or (ii) if an appeal is timely filed, thirty (30) days after the Court of Appeals or the U.S. Supreme Court has rendered a final judgment affirming the District Court's final approval without material modification, or, in the case of the Supreme Court, rendered an order denying a petition for writ of certiorari.

### 1.6    **Eligible Workweeks.**

The term "Eligible Workweeks" as used herein means the number of workweeks each individual Settlement Class Member worked during the Settlement Class Periods.

### 1.7    **Employer Taxes.**

Employer-funded taxes and contributions imposed on the wage portions of the Settlement Payment under the Federal Insurance Contributions Act, the Federal Unemployment Tax Act, and

2

any similar state taxes and contributions required of employers, such as for unemployment insurance.

      1.8    **Fairness Hearing.**

The term "Fairness Hearing" means the hearing to be held by the Court to consider whether to issue an order of final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23. At the Fairness Hearing, the Court will also hear any other pertinent matters, including what legal fees, compensation, and expenses should be awarded to Class Counsel.

      1.9    **Final Approval.**

The term "Final Approval" as used herein means the final formal court judgment entered by the United States District Court at the Fairness Hearing in accordance with the terms herein, approving this Agreement.

      1.10    **FLSA Consent Form.**

The term "FLSA Consent Form" means the Consent To Join And Participate As Party Plaintiff form that was provided and returned by the Settlement Class Members in accordance with the requirements set forth in Section 9.2, the form of which is attached hereto as **Exhibit  2** .

      1.11    **FLSA.**

The term "FLSA" means the Federal Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

      1.12    ***Griffith* Action.**

The term "*Griffith* Action" as used herein means the action entitled *Debra Griffith, et al. v. Menard, Inc.*, filed in the United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:18-cv-0081-ALM-CMV.

1.13    **Litigation.**

The term "Litigation" as used herein means the action entitled *Maurice D. Bradley, et al. v. Menard, Inc.*, filed in the United States District Court for the Southern District of Indiana, Terre Haute Division, Case No. 2:17-cv-00165-JMS-MPB.

1.14    **Named Plaintiffs.**

The term "Named Plaintiffs" as used herein means Maurice D. Bradley and Kenneth R. Edwards.

1.15    **Net Settlement Amount.**

The term "Net Settlement Amount" as used herein means the Settlement Amount less any Court approved award of Service Payments, attorneys' fees, and litigation costs.

1.16    **Notice.**

The term "Notice" means Notice of Proposed Class Action Resolution, the form of which is attached here as **Exhibit  3** .

1.17    **Parties.**

The term "Parties" means the Settlement Class Members, on the one hand, and Defendant on the other hand.

1.18    **Policy.**

The term "Policy" as used herein means Defendant's Rest Break and Meal Break Policy in effect during the Settlement Period.

1.19    **Released Persons.**

The term "Released Persons" means Defendant, including, but not limited to, its current or former officers, directors, trustees, employees, agents, insurers, attorneys, auditors, accountants, experts, parent companies, subsidiaries, affiliates, divisions, stockholders, members, heirs,

4

executors, representatives, predecessors, successors, and/or assigns, insurers, reinsurers, contractors, and representatives.

1.20   **Releasing Persons**

The term "Releasing Persons" means the following:

1.20.1   FLSA Releasing Persons.  The term "FLSA Releasing Persons" means each and every FLSA Collective Member and his or her respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest and assigns, who opted into the FLSA Collective by submitting a valid FLSA Consent Form before the Response Deadline.

1.20.2   Illinois Releasing Persons. The term "Illinois Releasing Persons" means each and every Illinois Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

1.20.3   Indiana Releasing Persons. The term "Indiana Releasing Persons" means each and every Indiana Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

1.20.4   Iowa Releasing Persons.  The term "Iowa Releasing Persons" means each and every Iowa Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

1.20.5   Michigan Releasing Persons.  The term "Michigan Releasing Persons" means each and every Michigan Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators,

CO\5907943.2

trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

        1.20.6       <u>Minnesota Releasing Persons</u>.  The term "Minnesota Releasing Persons" means each and every Minnesota Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

        1.20.7       <u>Missouri Releasing Persons.</u>  The term "Missouri Releasing Persons" means each and every Missouri Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

        1.20.8       <u>Nebraska Releasing Persons</u>.  The term "Nebraska Releasing Persons" means each and every Nebraska Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

        1.20.9       <u>North Dakota Releasing Persons</u>.  The term "North Dakota Releasing Persons" means each and every North Dakota Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

1.20.10    Ohio Releasing Persons.  The term "Ohio Releasing Persons" means each and every Ohio Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

1.20.11    South Dakota Releasing Persons.  The term "South Dakota Releasing Persons" means each and every South Dakota Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

1.20.12    Wisconsin Releasing Persons.  The term "Wisconsin Releasing Persons" means each and every Wisconsin Settlement Class Member who did not timely and validly opt-out and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

1.21    **Remainder Amount.**

The term "Remainder Amount" as used herein means the Net Settlement Amount less the sum of all Individual Settlement Payments.  The term "Remainder Amount" also includes the sum of any checks issued to Settlement Class Members that are not negotiated within one hundred twenty (120) days.

1.22    **Response Deadline.**

The term "Response Deadline" as used herein means the deadline by which the Settlement Class Members must fax or postmark to the Defendant a valid FLSA Consent Form, a valid Workweek Dispute Form, or file and serve objections to the Settlement. The Response Deadline will be sixty (60) calendar days from the initial mailing of the Notice Packet by the Defendant,

unless the 60th day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open. The Response Deadline for Requests for Exclusion will be extended fifteen (15) calendar days for any Settlement Class Member who is re-mailed a Notice Packet by the Defendant in accordance with the Notice procedure described in Section 9 of this Agreement, unless the 15th day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open. The Response Deadline may also be extended by express agreement between Class Counsel and Defendant.

1.23 **Revised Policy.**

The term "Revised Policy" as used herein means the Rest Break and Meal Break Policy issued by Defendant on or before April 23, 2018.

1.24 **Rule 23**

The term "Rule 23" means Federal Rule of Civil Procedure 23.

1.25 **Rule 23 Claims.**

The term "Rule 23 Claims" means state law claims arising under the laws of Iowa, Michigan, Minnesota, and South Dakota governing: (1) breach of contract claims, (2) any state common law wage claims including, but not limited to, claims for unjust enrichment and *quantum meruit*, (3) state wage and hour claims, (4) claims for wages, vacation pay/PTO, expenses, fees, overtime, off-the-clock work, (5) meal periods, (6) rest periods, (7) pay stub violations, (8) interest, penalties, and attorneys' fees, (9) waiting time penalties, (10) deductions, and (11) charges.  The term "Rule 23 Claims" also includes claims arising under the following:

1.25.1 Illinois Acts.  The term "Illinois Acts" means the Illinois Minimum Wage Law (hereinafter "IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* ("IWPCA").

8

1.25.2      Indiana Statutes.  The term "Indiana Statutes" means the Indiana Wage Payment Statute, IND. CODE ANN. § 22-2-5-1, *et seq.*, and the Indiana Wage Assignment Statute, I.C. 22-2-6-2, *et seq.*

1.25.3      Iowa Statutes.  The term "Iowa Statutes" means the Iowa Wage Payment Collection Law, Iowa Code Chapter § 91A.

1.25.4      Michigan Statutes.  The term "Michigan Statutes" means the Michigan overtime compensation statute, MCLS § 404.414a.

1.25.5      Minnesota Statutes.  The term "Minnesota Statutes" means the Minnesota Payment of Wages Act, Minn. Stat. § 181 *et seq*.

1.25.6      Missouri Statutes.  The term "Missouri Statutes" means the Missouri Revised Statute § 290.505.

1.25.7      Nebraska Wage and Hour Act ("NWHA").  The term "NWHA" means the Nebraska Wage and Hour Act, R.R.S. Neb. §§ 48-1201-1209 ("NWHA"), the Kansas Wage Payment Act, K.S.A.§ 44-313, *et seq.*

1.25.8      North Dakota Statutes.  The term "North Dakota Statutes" means the North Dakota Wage Collection Act, NDCC 34-14.

1.25.9      Ohio Acts.  The term "Ohio Acts" means Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), and O.R.C.§ 4113.15.

1.25.10     South Dakota Statutes.  The term "South Dakota Statutes" means the South Dakota wage payment statute, SDCL § 60-11-7.

9

1.25.11  <u>Wisconsin Laws</u>.  The term "Wisconsin Laws" means the Wisconsin Statutes, Wis. Stat. §§ 103.01-03, 103.74, 109.03 ("Wisconsin Statutes") and Wisconsin Administrative Code DWD 272, 274 ("WAC").

1.26  **Rule 23 Class Members.**

The term "Rule 23 Class Member" as used herein means the Illinois, Indiana, Iowa, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota and Wisconsin Settlement Class Members.

1.27  **Rule 23 Classes.**

The term "Rule 23 Classes" as used herein means the Illinois, Indiana, Iowa, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota and Wisconsin Settlement Classes.

1.28  **Service Payment.**

The term "Service Payment" as used herein means payments to be made from the Settlement Amount to Named Plaintiffs, subject to Court approval.

1.29  **Settlement Amount.**

The terms "Settlement Amount" and "Common Fund" as used herein means a common fund in the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00), which is the maximum amount Defendant shall be required to pay under this Agreement (not including Defendant's share of Employer Taxes for that portion of the Net Settlement Payments allocated to wages, which amount shall be in addition to the Common Fund, and not including payments made to Temporary Employees in the event that the Settlement Classes contain fewer than 500 Temporary Employees), and from which all Net Settlement Payments and Court approved attorneys' fees and costs shall be paid, except as provided herein. The Settlement Amount is not reversionary.

10

CO\5907943.2

1.30     **Settlement Class**

The term "Settlement Class" means the following classes:

1.30.1          FLSA Collective. The term "FLSA Collective" means any and all current and former Team Members or Temporary Employees, but excluding managers, who elected to participate in this Agreement and submitted a valid FLSA Consent Form before the Response Deadline, and who are or were employed by Defendant at a Midwest Manufacturing facility during the FLSA Class Period.

1.30.2          Illinois Settlement Class. The term "Illinois Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers, who are or were employed by Defendant at a Midwest Manufacturing facility in the state of Illinois during the Illinois Class Period. The Class Representative for this Class is Mark Kaufman.

1.30.3          Indiana Settlement Class. The term "Indiana Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers, who are or were employed by Defendant at a Midwest Manufacturing facility in the state of Indiana during the Indiana Class Period. The Class Representatives for this Class are the Named Plaintiffs.

1.30.3.1          Involuntarily Terminated Indiana Settlement Subclass.  The term "Involuntarily Terminated Indiana Subclass" means any member of the Indiana Settlement Class who worked for Menard, Inc. at a Midwest Manufacturing facility in Indiana as an hourly paid, non-exempt employee at any time between April 13, 2015 and April 22, 2018 **and** was involuntarily terminated from employment.

1.30.4          Iowa Settlement Class. The term "Iowa Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers,

11

who are or were employed by Defendant at a Midwest Manufacturing facility in the state of Iowa during the Iowa Class Period. The Class Representative for this Class is Amber Neumann.

        1.30.5      <u>Michigan Settlement Class</u>. The term "Michigan Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers, who are or were employed by Defendant at a Midwest Manufacturing facility in the state of Michigan during the Michigan Class Period. The Class Representative for this Class is Curtis Similton.

        1.30.6      <u>Minnesota Settlement Class</u>. The term "Minnesota Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers, who are or were employed by Defendant at a Midwest Manufacturing facility in the state of Minnesota during the Minnesota Class Period. The Class Representative for this Class is Jodi Wittrock.

        1.30.7      <u>Missouri Settlement Class</u>. The term "Missouri Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers, who are or were employed by Defendant at a Midwest Manufacturing facility in the state of Missouri during the Missouri Class Period. The Class Representative for this Class is John Osick.

        1.30.8      <u>Nebraska Settlement Class</u>. The term "Nebraska Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers, who are or were employed by Defendant at a Midwest Manufacturing facility in the state of Nebraska during the Nebraska Class Period. The Class Representative for this Class is Thomas Harnik.

1.30.9    North Dakota Settlement Class. The term "North Dakota Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers, who are or were employed by Defendant at a Midwest Manufacturing facility in the state of North Dakota during the North Dakota Class Period. The Class Representative for this Class is Ryan Hagarty.

1.30.10    Ohio Settlement Class. The term "Ohio Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers, who are or were employed by Defendant at a Midwest Manufacturing facility in the state of Ohio during the Ohio Class Period. The Class Representative for this Class is William Fisher.

1.30.11    South Dakota Settlement Class. The term "South Dakota Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers, who are or were employed by Defendant at a Midwest Manufacturing facility in the state of South Dakota during the South Dakota Class Period. The Class Representative for this Class is Richard Stenquist.

1.30.12    Wisconsin Settlement Class. The term "Wisconsin Settlement Class" means any and all current and former Team Members or Temporary Employees, but excluding managers, who are or were employed by Defendant at a Midwest Manufacturing facility in the state of Wisconsin during the Wisconsin Class Period. The Class Representative for this Class is Andrew R. Smith.

1.31    **Settlement Class Member.**

The term "Settlement Class Member" means all persons meeting any of the following definitions:

1.31.1    FLSA Collective Member. The term "FLSA Collective Member" means those individuals who are members of the FLSA Collective.

13

1.31.2        Illinois Class Member. The term "Illinois Class Member" means those individuals who are members of the Illinois Settlement Class.

1.31.3        Indiana Class Member. The term "Indiana Class Member" means those individuals who are members of the Indiana Settlement Class.

1.31.4        Iowa Class Member. The term "Iowa Class Member" means those individuals who are members of the Iowa Settlement Class.

1.31.5        Michigan Class Member. The term "Michigan Class Member" means those individuals who are members of the Michigan Settlement Class.

1.31.6        Minnesota Class Member. The term "Minnesota Class Member" means those individuals who are members of the Minnesota Settlement Class.

1.31.7        Missouri Class Member. The term "Missouri Class Member" means those individuals who are members of the Missouri Settlement Class.

1.31.8        Nebraska Class Member. The term "Nebraska Class Member" means those individuals who are members of the Nebraska Settlement Class.

1.31.9        North Dakota Class Member. The term "North Dakota Class Member" means those individuals who are members of the North Dakota Settlement Class.

1.31.10       Ohio Class Member. The term "Ohio Class Member" means those individuals who are members of the Ohio Settlement Class.

1.31.11       South Dakota Class Member. The term "South Dakota Class Member" means those individuals who are members of the South Dakota Settlement Class.

1.31.12       Wisconsin Class Member. The term "Wisconsin Class Member" means those individuals who are members of the Wisconsin Settlement Class.

1.32     **Settlement Class Periods**

The term "Settlement Class Periods" means the following class periods:

14

1.32.1 <u>FLSA Collective Period</u>. The term "FLSA Collective Period" as used herein means the period from April 13, 2015 through the date Defendant issues the Revised Policy, but no later than April 23, 2018.

1.32.2 <u>Illinois Class Period</u>. The term "Illinois Class Period" means the period of time from January 31, 2013, through the Final Approval.

1.32.3 <u>Indiana Class Period</u>. The term "Indiana Class Period" means the period of time from January 31, 2016, through the Final Approval.

1.32.4 <u>Iowa Class Period</u>. The term "Iowa Class Period" means the period of time from January 31, 2016, through the Final Approval.

1.32.5 <u>Michigan Class Period</u>. The term "Michigan Class Period" means the period of time from January 31, 2015, through the Final Approval.

1.32.6 <u>Minnesota Class Period</u>. The term "Minnesota Class Period" means the period of time from January 31, 2015, through the Final Approval.

1.32.7 <u>Missouri Class Period</u>. The term "Missouri Class Period" means the period of time from January 31, 2016, through the Final Approval.

1.32.8 <u>Nebraska Class Period</u>. The term "Nebraska Class Period" means the period of time from January 31, 2014, through the Final Approval.

1.32.9 <u>North Dakota Class Period</u>. The term "North Dakota Class Period" means the period of time from January 31, 2016, through the Final Approval.

1.32.10 <u>Ohio Class Period</u>. The term "Ohio Class Period" means the period of time from January 31, 2016, through the Final Approval.

1.32.11 <u>South Dakota Class Period</u>. The term "South Dakota Class Period" means the period of time from January 31, 2016, through the Final Approval.

15

1.32.12    <u>Wisconsin Class Period</u>. The term "Wisconsin Class Period" means the period of time from January 31, 2016, through the Final Approval.

1.33    **Settlement Class Workweeks.**

The term "Settlement Class Workweeks" as used herein means the cumulative total number of work weeks worked for Defendant by all members of the Settlement Class at any of Defendant's facilities during the Class Period.

1.34    **Settlement Payments.**

The term "Settlement Payment(s)" or "Individual Settlement Payment(s)" shall include payments made to Settlement Class Member as part of the Agreement, including wages, penalties, and interest.

1.34.1    <u>FLSA Settlement Payment</u>.

The term "FLSA Settlement Payment" as used herein means fifty percent (50%) of the Settlement Payment made to Settlement Class Member as part of the Agreement, including wages, penalties, and interest, which is allocated as consideration for the settlement of claims arising under the FLSA.

1.34.2    <u>Rule 23 Settlement Payment</u>.

The term "Rule 23 Settlement Payment" as used herein means fifty percent (50%) of the Settlement Payment made to Settlement Class Member as part of the Agreement, including wages, penalties, and interest, which is allocated as consideration for the settlement of the Rule 23 claims.

1.35    **Statutory Period.**

The term "Statutory Period" as used herein means the period of time from April 13, 2015 through the date Defendant issues the Revised Policy, but no later than April 23, 2018.

1.36    **Team Members.**

The term "Team Member(s)" as used herein means an hourly employee of Defendant.

16

### 1.37   **Temporary Employee.**

The term "Temporary Employees" as used herein means any hourly employee of Defendant who was hired through a temporary employment agency.

### 1.38   **Unknown Claims.**

The term "Unknown Claims" means any released claims that the Named Plaintiffs and the Settlement Class Members do not know or suspect to exist in their favor at the time of the release of the Released Persons which, if known by Named Plaintiffs or the Settlement Class Members, might have affected his or her settlement with and release of the Released Persons, or might have affected his or her decision not to object to this Settlement.

With respect to any and all claims or potential claims the Named Plaintiffs and the Settlement Class Members may have, upon the Effective Date, the Named Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived, and may not assert in any proceedings as a bar to or voiding in any way the effectiveness of this release, the provisions, rights and benefits of any provisions of the Laws of the United States and any claims arising or of any state which provides that a general release does not extend to claims which a party does not know or expect to exist in its favor at the time of executing the release, which if known to the party may have materially affected the Settlement.

The Named Plaintiffs and the Settlement Class Members may later discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the released claims, but the Named Plaintiffs and the Settlement Class Members, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all released claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or

CO\5907943.2

coming into existence in the future, including but not limited to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Named Plaintiffs and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2.   BACKGROUND

### 2.1   Parties.

2.1.1     Bradley and Edwards are or were employees at the Terre Haute, Indiana, facility of Defendant's Midwest Manufacturing Division.

2.1.2     Defendant operates thirteen Midwest Manufacturing facilities in eleven states: Eau Claire, Wisconsin; Plano, Illinois; Shelby, Iowa; Rochester, Minnesota; Holiday City, Ohio; Shell Rock, Iowa; Sullivan, Missouri; Valley, Nebraska; McKenzie, North Dakota; Terra Haute, Indiana; Rapid City, South Dakota; Saginaw, Michigan; Iron Ridge, Wisconsin.

### 2.2   First Amended Complaint Allegations.

2.2.1     In the Litigation, the Plaintiff alleged that Defendant failed to compensate Plaintiffs, and similarly situated employees, for all breaks of twenty minutes or less, in violation the FLSA, and the Indiana Wage Claims Statute, I.C. 22-2-9-4(b).

### 2.3   March 6, 2018 Mediation

2.3.1     Class Counsel has engaged in good faith, arms-length negotiations with Defendant concerning possible resolution of the claims asserted in the Litigation.

2.3.2     On March 6, 2018, the Parties participated in a mediation session before Honorable Richard B. McQuade, Jr. As a result of that mediation session, the Parties reached an agreement to resolve the claims raised in the Litigation, subject to Court approval and

finalization of a formal Agreement. The Parties set forth their understanding of the terms of the settlement in a Settlement Memorandum of Understanding. The Parties have now entered into this more detailed, formalized Agreement to submit to the Court for approval.

    2.4    **Investigation of Claims**

    2.4.1    Class Counsel has conducted a comprehensive investigation of the law and facts relating to the claims asserted in the Litigation and has concluded, taking into account the sharply contested issues involved, the expense and time necessary to pursue the action through further trials and any appeals, the risks and costs of further prosecution of the Litigation, the risk of an adverse outcome, the uncertainties of complex litigation, and the substantial benefits to be received by the Named Plaintiffs and the members of the Settlement Class pursuant to this Agreement, that a settlement with Defendant resolving the Litigation on the terms and conditions set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class. Named Plaintiffs, on their own behalf and on behalf of the Settlement Class, have agreed to settle the Litigation with Defendant on the terms set forth herein.

    2.4.2    Defendant has concluded that, because of the substantial expense of litigating the Litigation, the length of time necessary to resolve the issues presented herein, the inconvenience involved, and the concomitant disruption to its business operations, that it is in its best interests to accept the terms of this Agreement. Defendant denies each of the allegations and claims asserted against it in the Litigation. However, Defendant nevertheless desires to settle the Litigation for the purpose of avoiding the burden, expense and uncertainty of continuing litigation and for the purpose of putting to rest the controversies engendered by the Litigation.

3. **JURISDICTION**

    3.1    **Present Jurisdiction.**

The United States District Court for the Southern District of Indiana has jurisdiction over the Parties and the subject matter of this Agreement. The Litigation includes claims that, while Defendant denies them in their entirety, would, if proven, authorize the Court to grant relief pursuant to the applicable statutes.

    3.2    **Continuing Jurisdiction.**

After the Court has granted Final Approval of the Agreement and after it has ordered dismissal of the action, the Court shall retain jurisdiction of this action solely for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms set forth herein.

4. **DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL BY THE COURT**

    4.1    **Revised Policy.**

Defendant will issue a Revised Policy to be effective no later than April 23, 2018.

    4.2    **Motion for Preliminary Approval, Motion for Class Certification, and Second Amended Complaint.**

        4.2.1    Plaintiffs shall file a Motion for Preliminary Approval of this Agreement by the Court, and approval of the Class Notice, orders, and other documents necessary to implement this Agreement. The Motion for Preliminary Approval shall also request, for settlement purposes only, conditional class certification of the FLSA Collective and class certification for the Rule 23 Classes, which Defendant will not oppose.

        4.2.2    Plaintiff shall file a Second Amended Complaint (**Exhibit 1** hereto) promptly following Preliminary Approval naming and identifying the class representatives for the Iowa, Ohio, Illinois, Michigan, Minnesota, Missouri, North Dakota, South Dakota, Wisconsin, and

Nebraska Settlement Classes and adding representatives as plaintiffs. Defendant will stipulate to the filing of the Second Amended Complaint described herein for purposes of this Settlement only and Defendant needs not file a responsive pleading to the Second Amended Complaint. The Parties agree that the filing of the Second Amended Complaint for settlement only will streamline the settlement process. The Parties further stipulate that Defendant contends that the allegations in the Second Amended Complaint are deemed fully controverted by Defendant, and each and every one of them is disputed and that no further responsive pleading from Defendant is required.

        4.2.3        If, for any reason, the Settlement and Judgment do not become Final or operative as of the Effective Date, or the Effective Date does not occur, the Second Amended Complaint shall be stricken from the record and the operative complaint in the Action shall revert to the filed First Amended Complaint, and no prejudice shall occur to any motion to arbitrate filed or to be filed by any Defendant; and Defendant shall not be deemed to have waived a right to file a motion to compel arbitration or claim that the Settlement Class Member have waived their right to participate in class/collective actions.

        4.2.4        Plaintiffs shall file a comprehensive Motion for Final Approval of Settlement, which Defendant will not oppose.

        4.2.5        Nothing in this Agreement will be construed as an admission or acknowledgement of any kind that any of the Settlement Classes should be certified or given collective treatment in the Litigation or in any other action or proceeding. Further, neither this Agreement nor the Court's actions with regard to this Agreement will be admissible in any court or other tribunal regarding the propriety of class certification or collective treatment; however, this Agreement and the Court's actions with regard to this Agreement, may be used in any other court or tribunal for purposes of determining the breadth, scope and enforceability of this Agreement. In

the event that this Agreement is not approved by the Court or any appellate court, is terminated, or otherwise fails to be enforceable, Named Plaintiffs will not be deemed to have waived, limited or affected in any way any claims, rights or remedies in the Litigation, and Defendant will not be deemed to have waived, limited, or affected in any way any of their objections or defenses in the Litigation. Additionally, if the Agreement or the Settlement Classes are not approved as proposed, each Party reserves the right to rescind the Agreement or they can, by mutual agreement, revise the Agreement, the Settlement Amount, and the scope of the Agreement accordingly.

4.3 **Motion to Dismiss the *Griffith* Action.**

Only after the stay has been lifted in the *Griffith* Action, the Plaintiff shall file motion to dismiss the *Griffith* Action pursuant to the first-to-file rule. The Defendant will not oppose such a motion.

4.4 **Statement Of No Admission.**

4.4.1 Defendant denies liability to Named Plaintiffs and to the Settlement Class Members upon any claim or cause of action. This Agreement does not constitute, and is not intended to constitute, an admission by Defendant as to the merits, validity, or accuracy of any of the allegations or claims made against it in the Litigation.

4.4.2 Nothing in this Agreement, nor any action taken in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued or used during the course of the negotiations leading to this Agreement or the resolution of the litigation, is intended by the Parties to constitute, nor will any of the foregoing constitute, be introduced, be used, or be admissible for the purposes of *res judicata*, or for any other purpose, in this case or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. The

Parties themselves agree not to introduce, use, or admit this Agreement, directly or indirectly, in this case or any other judicial, arbitral, administrative, investigative or other forum or proceeding, as purported evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity, or for any other purpose. Notwithstanding the foregoing, this Agreement may be used in any proceeding before the Court that has as its purpose the interpretation, implementation, or enforcement of this Agreement or any orders or judgments of the Court entered in connection with the Agreement.

        4.4.3        None of the documents produced or created by Named Plaintiffs or the Settlement Class in connection with the claims procedures or claims resolution procedures constitute, and they are not intended to constitute, an admission by Defendant of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.

      4.5      **Fairness Hearing and Entry of Judgment.**

Upon expiration of the deadlines to fax or postmark Requests for Exclusion, or file and serve objections to the Agreement, and with the Court's permission, a Fairness Hearing will be conducted to determine the Final Approval of the Agreement along with the amounts properly payable for (i) Individual Settlement Payments and (ii) the Class Counsel Fees and Costs. The Fairness Hearing will not be held earlier than forty five (45) days after the Response Deadline. Class Counsel will be responsible for drafting all documents necessary to obtain Final Approval. Class Counsel will also be responsible for drafting the attorneys' fees and costs application to be heard at the Final Approval/Settlement Fairness Hearing.

      4.6      **Stay and Dismissal of the *Edwards* Action.**

Upon execution of this Agreement, Class Counsel shall file all documents necessary to obtain an order staying the *Edwards* Action pending Final Approval.

Upon Final Approval, Class Counsel shall dismiss the *Edwards* Action with prejudice.

**5.   ADMINISTRATION OF THE AGREEMENT**

The Parties agree that Defendant shall fund and administer the payment of the Settlement Payments. Defendant will distribute and respond to inquiries about the Notice, adjudicate disputes relating to Eligible Workweeks, determine the validity of opt-outs requests, and calculate all amounts to be paid from the Common Fund.

**6.   SERVICE PAYMENTS**

**6.1   Service Payments To Be Made To Named Plaintiffs**

Class Counsel will move for an award of Service Payments to the Named Plaintiffs, in recognition of the time they spent and the risk they undertook in prosecuting this lawsuit, and their service to the Settlement Class. These amounts are subject to approval by the Court. Defendant agrees not to oppose these requests. The Service Payments, if approved, will be allocated as follows:

6.1.1       A payment of $10,000.00 to Plaintiff Maurice D. Bradley.

6.1.2       A payment of $10,000.00 to Plaintiff Kenneth R. Edwards.

6.1.3       A payment of $1,000.00 to Plaintiff Mark Kaufman.

6.1.4       A payment of $1,000.00 to Plaintiff Amber Neumann.

6.1.5       A payment of $1,000.00 to Plaintiff Curtis Similton.

6.1.6       A payment of $1,000.00 to Plaintiff Jodi Wittrock.

6.1.7       A payment of $1,000.00 to Plaintiff John Osick.

6.1.8       A payment of $1,000.00 to Plaintiff Thomas Harnik.

6.1.9       A payment of $1,000.00 to Plaintiff Ryan Hagarty.

6.1.10     A payment of $1,000.00 to Plaintiff William Fisher.

6.1.11     A payment of $1,000.00 to Plaintiff Richard Stenquist.

CO\5907943.2

6.1.12        A payment of $1,000.00 to Plaintiff Andrew R. Smith.

6.2      **Eligibility For Service Payments To Named Plaintiffs**

To be eligible for a Service Payment, the Named Plaintiffs will execute a FLSA Consent

Form.  A copy of the FLSA Consent Form is attached as Exhibit **2** to this Settlement Agreement.

6.3      **Payment of Service Payments**

No later than thirty-five (35) days following the Effective Date, Defendant shall pay the

Service Payments approved by the Court to each individual entitled to receive one. The Parties

agree that the Service Payment is in addition to Named Plaintiffs' Settlement Payments to which

they are otherwise entitled under this Settlement Agreement. Defendant shall determine the

appropriate taxation of the Service Payments and shall report them to the IRS accordingly. Other

than any reporting of these payments as required by this Agreement or law, which Defendant shall

make, the Named Plaintiffs receiving a Service Payment shall be solely responsible for the

reporting and payment of any federal, state, and/or local income or other form of tax on any

payment made pursuant to this Section.

6.4      **Consideration Of Service Payments Separate From Fairness, Adequacy, And Good Faith Of Agreement.**

The application for Service Payments is to be considered separately from the Court's

consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the

Litigation. The outcome of the Court's ruling on the application for Service Payments will not

terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval.

7.  **CALCULATION OF INDIVIDUAL SETTLEMENT PAYMENTS**

7.1      **Calculation of Individual Settlement Payments for Temporary Employees.**

The calculation of the Individual Settlement Payments for Temporary Employees shall be

determined as a function of the number of Temporary Employees in the Settlement Class. If there

25

are more than five hundred (500) Temporary Employees in the Settlement Class, then Defendant shall pay each Temporary Employee one hundred dollars ($100.00), which Defendant shall pay using non-Settlement Amount funds and which will not be deducted from the Settlement Amount.

If there are five hundred or fewer Temporary Employees in the Settlement Class, then the Defendant shall calculate payments to the Temporary Employees as provided in Section 7.3.

7.2     **Workweek Information.**

7.2.1         <u>Calculation of Eligible Workweeks</u>. In the Workweek Dispute Form each Settlement Class Member will receive a calculation of the total number of his or her Eligible Workweeks during the Settlement Class Periods. If a Settlement Class Member does not dispute the number of Eligible Workweeks set forth in the Workweek Dispute Form, such person must return the FLSA Consent Form as provided in Section 9.2. If the Settlement Class Member disputes the number of Eligible Workweeks set forth in the Workweek Dispute Form, such person must follow the directions in the Workweek Dispute Form and in the Notice.

7.2.2         <u>Workweek Dispute Form</u>. For each Settlement Class Member, the Workweek Dispute Form will identify the number of Eligible Workweeks that he or she was employed and inform the Settlement Class Member of his or her right to dispute this number by the Response Deadline.

7.2.3         <u>Disputed Information on Notice Packets</u>. Each Settlement Class Member may dispute the number of Eligible Workweeks, as reflected on his or her Workweek Dispute Form, by submitting a written dispute to Defendant. The Settlement Class Member shall be required to submit the dispute in this manner by the Response Deadline along with supporting documentation to show the number of Eligible Workweeks that he or she contends is appropriately attributable to the Settlement Class Member. A written dispute shall at a minimum contain:

7.2.3.1 the name and current address of the Settlement Class Member;

26

7.2.3.2 the last four digits of his or her Social Security Number;

7.2.3.3 a statement that he or she disputes the Eligible Workweeks attributed to him or her;

7.2.3.4 a statement of the number of Eligible Workweeks that he or she contends are correctly attributable to him or her;

7.2.3.5 all evidence relating to the dispute; and

7.2.3.6 the Settlement Class Member's signature.

7.2.4 <u>Disparity Between Defendant's Information and Settlement Class Member's Information</u>. In the event there is a disparity between the number of eligible work weeks a Settlement Class Member claims he or she worked during the Settlement Class Periods and the number of eligible work weeks indicated by Defendant's records, Defendant's records will control unless inconsistent with paycheck stub(s) (or bona fide copies thereof) provided by the Settlement Class Member, in which case the paycheck stub(s) will control. If a Settlement Class Member disputes the number of Eligible Workweeks the Settlement Class Member worked during the Settlement Class Periods, then the Parties will consult to determine whether an adjustment to the Settlement Class Member's Eligible Workweeks is warranted. The Parties shall engage in a good faith effort to reach an agreement as to whether an adjustment for the Settlement Class Member is warranted.

7.2.5 <u>Defective Workweek Dispute Form Submissions</u>. Should any Settlement Class Member timely submit a Workweek Dispute Form that is defective, Defendant shall send a deficiency notice within five (5) calendar days of receipt. The deficiency notice will provide the Settlement Class Member no more than fourteen (14) days from the mailing of the deficiency notice to postmark a written response to cure all deficiencies. The failure of a Settlement

27

Class Member to timely submit a Workweek Dispute or timely respond to a notice of deficiency shall invalidate the dispute unless all Parties' counsel agree to allow the dispute.

### 7.3 <u>Calculation of Individual Settlement Payments.</u>

Each Settlement Class Member will be entitled to receive an Individual Settlement Payment as good and valuable consideration for the waiver and release of claims set forth in Section 10 in an amount determined by Defendant in accordance with the provisions of this Agreement. The Individual Settlement Payment to each member of the Settlement Class will be determined by Defendant based on Defendant's records using the following calculation:

7.3.1     The Net Settlement Amount will be divided by the Settlement Class Workweeks to determine the "Dollars Per Settlement Class Workweek" amount:

$$Dollars\ Per\ Settlement\ Class\ Workweek = \frac{Net\ Settlement\ Amount}{Settlement\ Class\ Workweeks}$$

7.3.2     To determine the maximum amount of the Individual Settlement Payment, Defendant will then multiply the Dollars Per Settlement Class Workweek amount by each Settlement Class Member's Eligible Workweeks.

$$Individual\ Settlement\ Payment$$
$$= (Dollars\ Per\ Settlement\ Class\ Workweek) \times (Eligible\ Workweeks)$$

7.3.3     All Individual Settlement Payments shall be allocated fifty percent (50%) to the settlement of claims arising under the FLSA, which will be compensated by the FLSA Settlement Payment, and fifty percent (50%) to the settlement of the Rule 23 Claims, which will be compensated by the Rule 23 Settlement Payment.

8.   **DISTRIBUTION OF THE SETTLEMENT PAYMENTS**

8.1   **Each Member Of The Settlement Class Is Entitled To A Rule 23 Settlement Payment.**

Subject to the opt-out procedure in Section 9.3, Menard will pay each Settlement Class Member one half (50%) of their Individual Settlement Payment to account for the Rule 23 Settlement Payment.  Menard will not pay any Settlement Class Member their Rule 23 Settlement Payment if the Settlement Class Member opts-out.

8.2   **Payment of the FLSA Settlement Payment Portion Of The Individual Settlement Payments.**

Settlement Class Members must opt-in to the FLSA Settlement Collective pursuant to the procedure in Section 9.2 in order to receive the FLSA Settlement Payment portion of their Individual Settlement Payment.  A Settlement Class Member who does not opt-in to the FLSA Settlement Collective pursuant to the procedure in Section 9.2 will not receive the FLSA Settlement Payment portion of their Individual Settlement Payment.

8.3   **Timing of Distribution of Individual Settlement Payments**

Within thirty (30) days of the Court's entry of final approval, Defendant shall issue payments to the Settlement Class Members and Named Plaintiffs.

8.4   **Donation Of The Remainder Amount As A *Cy Pres* Award.**

Menard will donate the Remainder Amount as a *cy pres* award as follows: one half of the Remainder Amount shall be donated to the United Service Organizations, Inc., PO Box 96860, Washington, DC 20077 and the other half to an organization or organizations designated by Defendant that is/are recognized as a charity by the Internal Revenue Service pursuant to Section 501(c)(3) of the Internal Revenue Code.

9.   **NOTICE, OBJECTIONS, AND EXCLUSION RIGHTS**

    9.1   **Mailing of Notice to Settlement Class Members**

        9.1.1   Notice Packet. Named Plaintiffs and Defendant, through their respective attorneys, will jointly prepare a Notice Packet. Each Notice Packet will include:

        9.1.1.1 the Notice;

        9.1.1.2 the  FLSA Consent Form;

        9.1.1.3 a summary of the Settlement's material terms;

        9.1.1.4 the definitions of the Settlement Classes;

        9.1.1.5 the dates which comprise the Settlement Class Periods;

        9.1.1.6 the date and location of the Fairness Hearing;

        9.1.1.7 a Change of Address form;

        9.1.1.8 a pre-printed return envelope;

        9.1.1.9 the  Defendant's  calculation  of  the  Team  Member's  Eligible Workweeks;

        9.1.1.10      the  average  potential  recovery  for  each  Settlement  Class Member; (11)

        9.1.1.11      information regarding the opt-out procedure;

        9.1.1.12      instructions on how to submit valid Objections;

        9.1.1.13      the  deadlines  by  which  the  Class  Members  must  fax  or postmark a  FLSA Consent Form or file and serve objections to the Settlement;

        9.1.1.14      the claims to be released; and

        9.1.1.15      a Workweek Dispute Form.

        9.1.2      Mailing of Notice by First Class U.S. Mail. Sixty (60) calendar days after  the  Court's  Preliminary  Approval  order,  Defendant  will  mail  the  Notice  Packet  to  all

Settlement Class Member via regular First-Class U.S. Mail. Any Notice Packets returned to the Defendant as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address of the Settlement Class Member, and the Defendant will indicate the date of such re-mailing on the Notice Packet. Those Settlement Class Members who receive a re-mailed Notice Packet will have between the latter of (i) an additional fifteen calendar (15) days after the Response Deadline or (ii) the Response Deadline to fax or postmark a FLSA Consent Form, a Workweek Dispute Form, or file and serve an objection to the Settlement.

9.2     **Opting-In To The FLSA Settlement Collective.**

9.2.1          FLSA Consent Form.

All Settlement Class Members must return a completed FLSA Consent Form by the Response Deadline to receive the FLSA Settlement Payment portion of their Individual Settlement Payment.

9.2.2          Failure To Submit A FLSA Consent Form.

Any Settlement Class Member who fails to timely and validly submit a FLSA Consent Form will not receive the FLSA Settlement Payment portion of their Individual Settlement Payment.

9.3     **Opting Out.**

Any Settlement Class Member wishing to opt-out from this Agreement must notify the Court in writing that he or she wishes to be excluded from the Agreement on or before the Response Deadline. The date of the fax or postmark on the return mailing envelope will be the exclusive means to determine whether a FLSA Consent Form has been timely submitted.

9.4     **Failure To Opt-Out.**

Any Rule 23 Class Member who does not timely file and mail an Opt-Out Form indicating

31

that he or she wishes to be excluded from the Agreement on or before the Response Deadline will be deemed included in the Rule 23 Classes in accordance with this resolution. Named Plaintiffs waive any right to be excluded from the Rule 23 Classes.

 9.5 **Submission of A FLSA Consent Form Will Trump An Opt-Out Form.**

Menard will disregard an Opt-Out Form submitted by a Settlement Class Member if that Settlement Class Member also submits a FLSA Consent Form.

 9.6 **Objections.**

To object to this Agreement, a Rule 23 Class Member may not submit an Opt-Out Form indicating that he or she wishes to be excluded from the Agreement (i.e., must not opt out), and must file a valid Notice of Objection with the Court and serve copies of the Notice of Objection on the Parties on or before the Response Deadline. The date of the fax or postmark on the return mailing envelope will be the exclusive means to determine whether a Notice of Objection has been timely submitted.

The Notice of Objection must be signed by the Rule 23 Class Member and contain the following information: Name; Address; Contact Information; Email Address (if applicable); and, a short and plain statement of the Rule 23 Class Member's reason for objecting.

A Rule 23 Class Member making an objection may appear at the Final Approval Hearing with or without filing or serving any written objection. The Rule 23 Class Member may appear personally or through an attorney, at his or her own expense, at the Final Approval hearing to present his or her objection directly to the Court. However, any attorney who will represent an individual objecting to this resolution must file a notice of appearance with the Court and serve Class Counsel and defense counsel on or before the Response Deadline. If a Rule 23 Class Member objects to the resolution, the Rule 23 Class Member will remain a Rule 23 Class Member and if the Court approves this Agreement, the Rule 23 Class Member will be bound by the terms of the

resolution and Final Approval in the same way and to the same extent as a Rule 23 Class Member who does not object.

The Court retains final authority with respect to the consideration and admissibility of any Rule 23 Class Member objections. Any Rule 23 Class Member who submits a written objection and/or makes an oral objection may also participate in the settlement.

Named Plaintiffs waive any right to object to the resolution, and hereby endorse the resolution as fair, reasonable and adequate and in the best interests of the Settlement Class.

9.7 **Cooperation.**

The Parties and their respective counsel agree not to encourage members of the Settlement Class to refrain from participating in the resolution, to opt out of the resolution, or to object to the resolution, directly or indirectly, through any means. However, if a Settlement Class Member contacts Class Counsel, Class Counsel may discuss the terms of the resolution and the Settlement Class Member's options.

## 10. **WAIVER AND RELEASES**

10.1 **Release By The FLSA Collective Members.**

Upon the Effective Date of this Agreement, the FLSA Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form arising under any of the following the FLSA whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the FLSA Class Period. The matters released by the FLSA Releasing Persons herein also include any breach of contract claims,

any state common law wage claims including, but not limited to, claims for unjust enrichment and *quantum meruit*, and any and all Rule 23 claims arising from state statutes governing: wages and hours, vacation pay/PTO, expenses, fees, overtime, off-the-clock work, meal periods, rest periods, pay stubs, waiting time penalties, deductions, and charges.

### 10.2   Release By The Illinois Settlement Class Members

Upon the Effective Date of this Agreement, the Illinois Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the Illinois Acts, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the Illinois Class Period.  The matters released by the Illinois Releasing Persons include but are not limited to: (1) breach of contract claims, (2) any state common law wage claims including, but not limited to, claims for unjust enrichment and *quantum meruit*, (3) state wage and hour claims, (4) claims for wages, vacation pay/PTO, expenses, fees, overtime, off-the-clock work, (5) meal periods, (6) rest periods, (7) pay stub violations, (8) interest, penalties, and attorneys' fees, (9) waiting time penalties, (10) deductions, and (11) charges.

### 10.3   Release By The Indiana Settlement Class Members

Upon the Effective Date of this Agreement, the Indiana Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the Indiana Statutes, whether

34

CO\5907943.2

brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the Indiana Class Period. The matters released by the Indiana Releasing Persons include but are not limited to: (1) breach of contract claims, (2) any state common law wage claims including, but not limited to, claims for unjust enrichment and *quantum meruit*, (3) state wage and hour claims, (4) claims for wages, vacation pay/PTO, expenses, fees, overtime, off-the-clock work, (5) meal periods, (6) rest periods, (7) pay stub violations, (8) interest, penalties, and attorneys' fees, (9) waiting time penalties, (10) deductions, and (11) charges.

### 10.4  Release By The Iowa Settlement Class Members

Upon the Effective Date of this Agreement, the Iowa Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the laws of the state of Iowa, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the Iowa Class Period. The matters released by the Iowa Releasing Persons include but are not limited to: (1) breach of contract claims, (2) any state common law wage claims including, but not limited to, claims for unjust enrichment and *quantum meruit*, (3) state wage and hour claims, (4) claims for wages, vacation pay/PTO, expenses, fees, overtime, off-the-clock work, (5) meal periods, (6) rest periods, (7) pay stub

violations, (8) interest, penalties, and attorneys' fees, (9) waiting time penalties, (10) deductions, and (11) charges.

### 10.5    Release By The Michigan Settlement Class Members

Upon the Effective Date of this Agreement, the Michigan Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the laws of the state of Michigan, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the Michigan Class Period. The matters released by the Michigan Releasing Persons include but are not limited to: (1) breach of contract claims, (2) any state common law wage claims including, but not limited to, claims for unjust enrichment and *quantum meruit*, (3) state wage and hour claims, (4) claims for wages, vacation pay/PTO, expenses, fees, overtime, off-the-clock work, (5) meal periods, (6) rest periods, (7) pay stub violations, (8) interest, penalties, and attorneys' fees, (9) waiting time penalties, (10) deductions, and (11) charges.

### 10.6    Release By The Minnesota Settlement Class Members

Upon the Effective Date of this Agreement, the Minnesota Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the laws of the state of Minnesota, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters,

36

transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the Minnesota Class Period. The matters released by the Minnesota Releasing Persons include but are not limited to: (1) breach of contract claims, (2) any state common law wage claims including, but not limited to, claims for unjust enrichment and *quantum meruit*, (3) state wage and hour claims, (4) claims for wages, vacation pay/PTO, expenses, fees, overtime, off-the-clock work, (5) meal periods, (6) rest periods, (7) pay stub violations, (8) interest, penalties, and attorneys' fees, (9) waiting time penalties, (10) deductions, and (11) charges.

### 10.7   Release By The Missouri Settlement Class Members

Upon the Effective Date of this Agreement, the Missouri Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the laws of the state of Missouri, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the Missouri Class Period. The matters released by the Missouri Releasing Persons include but are not limited to: (1) breach of contract claims, (2) any state common law wage claims including, but not limited to, claims for unjust enrichment and *quantum meruit*, (3) state wage and hour claims, (4) claims for wages, vacation pay/PTO, expenses, fees, overtime, off-the-clock work, (5) meal periods, (6) rest periods, (7) pay stub violations, (8) interest, penalties, and attorneys' fees, (9) waiting time penalties, (10) deductions, and (11) charges.

CO\5907943.2

10.8     **Release By The Nebraska Settlement Class Members**

Upon the Effective Date of this Agreement, the Nebraska Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the NWHA, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the Nebraska Class Period.

10.9     **Release By The North Dakota Settlement Class Members**

Upon the Effective Date of this Agreement, the North Dakota Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the laws of the state of North Dakota, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the North Dakota Class Period. The matters released by the North Dakota Releasing Persons include but are not limited to: (1) breach of contract claims, (2) any state common law wage claims including, but not limited to, claims for unjust enrichment and *quantum meruit*, (3) state wage and hour claims, (4) claims for wages, vacation pay/PTO, expenses, fees, overtime, off-the-clock work, (5) meal periods, (6) rest periods, (7) pay stub violations, (8) interest, penalties, and attorneys' fees, (9) waiting time penalties, (10) deductions, and (11) charges.

38

10.10    **Release By The Ohio Settlement Class Members**

Upon the Effective Date of this Agreement, the Ohio Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the Ohio Acts, whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the Ohio Class Period.

10.11    **Release By The South Dakota Settlement Class Members**

Upon the Effective Date of this Agreement, the South Dakota Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the laws of the state of South Dakota, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the South Dakota Class Period. The matters released by the South Dakota Releasing Persons include but are not limited to: (1) breach of contract claims, (2) any state common law wage claims including, but not limited to, claims for unjust enrichment and *quantum meruit*, (3) state wage and hour claims, (4) claims for wages, vacation pay/PTO, expenses, fees, overtime, off-the-clock work, (5) meal periods, (6) rest periods, (7) pay stub violations, (8) interest, penalties, and attorneys' fees, (9) waiting time penalties, (10) deductions, and (11) charges.

10.12   **Release By The Wisconsin Settlement Class Members**

Upon the Effective Date of this Agreement, the Wisconsin Releasing Persons hereby forever and completely discharge the Released Persons from any and all claims, liabilities, demands, causes of action, or lawsuits, known or unknown, including Unknown Claims, whether legal, statutory, equitable or of any other type or form, arising under the Wisconsin Laws, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been or could have been alleged in the Litigation, including but not limited to the claims as plead in the *Griffith* Action, which arose during the Wisconsin Class Period.

## 11.   TERMINATION OF SETTLEMENT

11.1   **Court Approval**

11.1.1   The Agreement is contingent upon Final Approval by the Court and entry of judgment in the Litigation.

11.1.2   Named Plaintiffs and Defendant agree to take all steps as may be reasonably necessary to secure both Preliminary Approval and Final Approval of the Agreement, to the extent not inconsistent with the terms of this Agreement, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval, of the Agreement in all respects.

11.1.3   Named Plaintiffs and Defendant expressly agree that they will not file any objection (as opposed to request for correction) to the terms of this Agreement or assist or encourage any person or entity to file any such objection.

11.2   **Nullification of the Agreement.**

The occurrence of any of the following, individually or in combination, shall render this Agreement void.

11.2.1        Any Midwest Manufacturing employee(s), including, but not limited to any plaintiff(s) in any other pending case, successfully intervening or objecting to the settlement of this Litigation that prevents the settlement upon the terms contained in this Agreement;

11.2.2        The Plaintiffs' decision not to endorse the Revised Policy;

11.2.3        Any decision by the Court holding that the terms of this Agreement are not fair or reasonable; or,

11.2.4        Any other event that causes this Agreement not to become final.

## 12. **ATTORNEYS' FEES AND COSTS**

Defendant shall not oppose an application by Class Counsel for, and Class Counsel shall not seek or receive an amount in excess of Thirty-Three and One Third percent (33 1/3%) of the Common Fund, or Five Hundred Thousand Dollars and Zero Cents ($500,000.00) for all past and future attorneys' fees necessary to prosecute, settle and administer the Litigation and this Agreement. Additionally, Defendant shall not oppose an application by Class Counsel for, and Class Counsel shall not seek or receive an amount in excess of Fifty Nine Thousand Two Hundred Eleven Dollars and Twenty Cents ($59,211.20), which represents all documented past and future attorneys' costs and expenses necessary to prosecute, settle and administer the Litigation and this Agreement. Any attorneys' fees or costs awarded to Class Counsel by the Court shall be deducted from the Settlement Amount for the purpose of determining the Net Settlement Amount. The "future" aspect of these amounts include, without limitation, all time and expenses expended by Class Counsel in defending the Agreement and securing Final Approval. There will be no additional charge of any kind to either the members of the Settlement Class or request for additional consideration from Defendant for such work. This amount shall include all attorneys' fees, costs and expenses for which Named Plaintiffs and Class Counsel could claim under any

41

legal theory whatsoever. Within ten (10) calendar days following the Final Approval, the Defendant shall disburse payment from the Settlement Amount for the amount of attorneys' fees and costs approved by the Court to Class Counsel. Should the Court approve a lesser percentage or amount of fees and/or costs than the amount that Class Counsel ultimately seeks, then the unapproved portion or portions shall revert to the Settlement Class and said amount shall be disbursed in accordance with the methodology described in the distribution formula described in Section 7.

## 13.  TAXATION AND ALLOCATION

### 13.1    Payments as Taxable Income

All Individual Settlement Payments will be allocated as follows: 50% shall be reported on an IRS Form W-2 and 50% shall be reported on an IRS Form 1099. Plaintiffs and Settlement Class Members shall assume full responsibility and liability for the payment of the employee's share of taxes due on such settlement payments. Defendant shall assume full responsibility and liability for the payment of the employer's share of taxes (i.e., FICA/FUTA, where applicable) due on such Settlement Payments.

### 13.2    Tax Liability.

Defendant makes no representations as to the tax treatment or legal effect of the payments called for in this Agreement, and Named Plaintiffs and the Settlement Class Members are not relying on any statement, representation, or calculation by Defendant in this regard. Named Plaintiffs and Settlement Class Members understand and agree that except for Defendant's payment of the employer's portion of any payroll taxes, Named Plaintiffs and Settlement Class Members will be solely responsible for the payment of any taxes and penalties assessed on the payments described in this Agreement.

CO\5907943.2

13.3   **Defendant's Responsibility for Employer Taxes**

For any portion of the Settlement Class Members' Individual Settlement Payments that are designated as "wages" for the purpose of tax reporting, Defendant will separately pay the employer contribution of all federal, state, and local taxes. These employer contributions will not be deducted from the Settlement Amount.

13.4   **Circular 203 Disclaimer.**

EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE

43

CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

## 14. **MISCELLANEOUS PROVISIONS**

### 14.1   **Stay of Litigation**

Named Plaintiffs and Defendant agree to stay the Litigation, pending Final Approval of the Agreement by the Court.

### 14.2   **Interpretation of the Agreement**

14.2.1      This Agreement constitutes the entire agreement between Named Plaintiffs and Defendant.

14.2.2      Except as expressly provided herein, this Agreement has not been executed in reliance upon any other written or oral representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict its terms.

14.2.3      In entering into this Agreement, the Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.

14.2.4      The Agreement will be interpreted and enforced under the laws of the State of Indiana, both in its procedural and substantive aspects, without regard to its conflict of laws provisions.

14.2.5      Any claim arising out of or relating to the Agreement, or the subject matter hereof, will be resolved solely and exclusively in the United States District Court for the

Southern District of Indiana, and Named Plaintiffs and Defendant hereby consent to the personal jurisdiction of the Court over them solely in connection therewith.

      14.2.6      Named Plaintiffs, on their own behalves and on behalf of the Settlement Class, and Defendant have participated in the negotiation and drafting of this Agreement and throughout the process had available to them the advice and assistance of independent counsel.

      14.2.7      As such, neither Named Plaintiffs nor Defendant may claim that any ambiguity in this Agreement should be construed against the other.

      14.2.8      The terms and conditions of this Agreement constitute the exclusive and final understanding and expression of all agreements between Named Plaintiffs and Defendant with respect to the Agreement and resolution of the Litigation. The Agreement may be modified only by a writing signed by the original signatories and approved by the Court.

    14.3    **Publicity**

    The terms of this Agreement shall remain confidential until the filing of the Motion for Preliminary Approval. Until that Motion is filed, Named Plaintiffs and Class Counsel agree that they have not and will not discuss, disclose, communicate, or publish the Agreement. Until the filing of the Motion for Preliminary Approval, Class Counsel shall not report the Agreement in any medium or in any publication, shall not post or report anything regarding the Litigation or the Agreement on their website, and shall not contact or respond to inquiries from the press, reporters or general media regarding the Resolution. As used herein, "press, reporters, or general media" shall refer to and include newspapers, periodicals, magazines, online publications, and television and radio stations and programs, and any representative of the foregoing. Upon receipt of any inquiry from the press, reporters or general media, Class Counsel shall respond "we have no comment". Nothing herein shall prevent Class Counsel from communicating with Named

Plaintiffs and members of the Settlement Class regarding the terms of this Agreement and/or the Resolution. Upon the filing of the Motion for Preliminary Approval, this confidentiality provision shall terminate.

### 14.4   **Further Cooperation**

Named Plaintiffs and Defendant and their respective attorneys shall proceed diligently to prepare and execute all documents, to seek the necessary Court approvals, and to do all things reasonably necessary or convenient to consummate the Agreement as expeditiously as possible.

### 14.5   **Confidentiality of Documents**

After the expiration of any appeals period, Named Plaintiffs, and Class Counsel shall maintain the confidentiality of all documents, deposition transcripts, declarations and other information obtained in the Litigation, unless necessary for appeal or such documents are ordered to be disclosed by the Court or by a subpoena.

### 14.6   **Notices**

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the fifth day after mailing by United States mail, addressed as follows:

To Class Counsel:

Robert P. Kondras, Jr.
HUNT, HASSLER, KONDRAS & MILLER LLP
100 Cherry Street
Terre Haute, Indiana 47807

To Counsel for Defendant:

James E. Davidson, Esq.
ICE MILLER LLP
250 West Street
Columbus, Ohio 43215

46

14.7    **Counterparts**

The Agreement may be executed in one or more actual or non-original counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

14.8    **Authority**

Each individual signing below warrants that he or she has the authority to execute this Agreement on behalf of the party for whom or which that individual signs.

14.9    **No Third Party Beneficiaries**

Named Plaintiffs, members of the Settlement Class, Class Counsel and counsel for Defendant are direct beneficiaries of this Agreement, but there are no third party beneficiaries.

14.10   **Force Majeure**

The failure of any party to perform any of its obligations hereunder shall not subject such party to any liability or remedy for damages, or otherwise, where such failure is occasioned in whole or in part by acts of God, fires, accidents, earthquakes, other natural disasters, explosions, floods, wars, interruptions or delays in transportation, power outages, labor disputes or shortages, shortages of material or supplies, governmental laws, restrictions, rules or regulations, sabotage, terrorist acts, acts or failures to act of any third parties, or any other similar or different circumstances or causes beyond the reasonable control of such party.

14.11   **Deadlines Falling on Weekends or Holidays**

To the extent that any deadline set forth in this Agreement falls on a Saturday, Sunday, or legal holiday, that deadline shall be continued until the following business day.

14.12   **Severability**

In the event that any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or

47

unenforceability shall in no way effect any other provision if Defendant's and Class Counsel, on behalf of the Parties and the Settlement Class, mutually elect in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement.

**Signature Pages to Follow**

49

**IT IS SO AGREED:**

Dated: ____July 27____, 20_18_

MAURICE D. BRADLEY

Dated: ____July 27____, 20_18_

KENNETH R. EDWARDS

Dated: ____July 26____, 20_18_

7EFDF4D34DED41D...

MARK KAUFMAN
PLAINTIFF

Dated: ____July 29____, 20_18_

603B2695F55D460...

AMBER NEUMANN
PLAINTIFF

Dated: ____July 26____, 20_18_

CAD0EA1F1FFF43C...

CURTIS SIMILTON
PLAINTIFF

Dated: ____July 29____, 20_18_

CCE15BD61B92452...

JODI WITTROCK
PLAINTIFF

Dated: ____July 26____, 2018

F7216ECB6FE14E7...

JOHN OSICK
PLAINTIFF

50

Dated: _____August 2_____, 2018

THOMAS HAMIK
PLAINTIFF

Dated: _____July 27_____, 2018

RYAN HAGARTY
PLAINTIFF

Dated: _____July 28_____, 2018

WILLIAM FISHER
PLAINTIFF

Dated: _____August 6_____, 2018

RICHARD STENQUIST
PLAINTIFF

Dated: _____08/03/2018_____, 2018

ANDREW SMITH
PLAINTIFF

DATED:  _8-15-18_

NILGES DRAHER LLC

By_____
Hans A. Nilges (0076017)
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
Telephone:    330-470-4428
Fax:          330-754-1430
Email:        hans@ohlaborlaw.com

**ATTORNEYS FOR PLAINTIFFS**

DATED:  _8-17-18_

ICE MILLER LLP

By_____
Paul L. Bittner       (Ohio Bar No. 0061674)
James E. Davidson     (Ohio Bar No. 0024534)
250 West Street
Columbus, OH 43215
Telephone:    614-462-2700
Fax:          614-462-5135
Email:        paul.bittner@icemiller.com
              james.davidson@icemiller.com

By_____
Michael A. Wukmer   (2223-49)
One America Square, Suite 2900
Indianapolis, IN 46282
Telephone:    317-236-2100
Fax:          317-236-2219
Email:        michael.wukmer@icemiller.com

APPROVED AS TO FORM:

DATED: _8/15/18_

HUNT, HASSLER, KONDRAS & MILLER LLP

By _____

Robert P. Kondras, Jr., Attorney No. 18038-84
Robert F. Hunt, Attorney No. 7889-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net
hunt@huntlawfirm.net

DATED: _15 August 2018_

BARON & BUDD, P.C.

By _____

Allen R. Vaught
TX Bar No. 24004966
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
avaught@baronbudd.com

DATED: _8/15/18_

THE LAW OFFICE OF ROBERT J. HUNT, LLC

By _____

Robert J. Hunt
Attorney No. 30686-49
3091 E. 98th St. Ste. 280
Indianapolis, IN 46280
(317) 706-1100
Facsimile: (317) 623-8503
rob@indianawagelaw.com

MENARD, INC.

Dated: Aug 16, 2018

_Marc Rometti_

MARK ROMETTI
CORPORATE REPRESENTATIVE
GENERAL MANAGER
MIDWEST MANUFACTURING