UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MAURICE D BRADLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00165-JMS-MJD |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court are Plaintiffs' Motion for Final Approval of Settlement Agreement, [Filing No. 146], Plaintiffs' Motion for Final Approval of Class Counsels' Attorneys' Fees, Costs and Expenses, [Filing No. 150], and a revised proposed final order on the above motions, [Filing No. 195]. On March 5, the Court held a final fairness hearing to determine the fair, adequate, and reasonableness of the proposed settlement agreement resolving this FLSA collective action and Rule 23 class action. The Court directed the parties to file an amended stipulation providing for a second distribution of settlement funds.

The parties have complied with the Court's order to file an amended stipulation, contained within the parties' revised proposed order on the pending motions for final approval. The stipulation provides as follows:

> **Second Distribution of Residual Common Funds.** The Court has approved the parties settlement and proposed initial distribution of Rule 23 common funds and FLSA collective action funds to the opt-in claimants who timely filed Claim Forms in a manner consistent with the Court's Order and the parties' settlement agreement. Based upon the number of "opt-in" claimants (presently 1,379) significant residual funds shall remain in the common fund. The parties [have] stipulated . . . [that] a second distribution [is[ to occur from the residual common funds. An initial fund of Twenty-Five Thousand Dollars ($25,000.00) shall be withheld to cover late claims filed by the group of 100 class members who received late notice of the settlement. From the remaining residual funds, the parties shall divide the Residual Funds by the total participating class members - 5,546 class members - to the

> nearest whole dollar amount. Each of the 5,546 class members shall receive an equal payment of these residual funds in this second distribution. Any remaining funds after the second distribution shall be awarded as a cy pres award to the United Service Organizations, Inc., P.O. Box 96860, Washington, DC 20077.

[Filing No. 195 at 3.]

The Court **APPROVES** the stipulation as fair, adequate, and reasonable and, as stated on the record, finds that no further notice of the additional payment is required because the second distribution confers only additional benefits upon the class members and because further notice would diminish the class's recovery. The Court may now address the overall fairness, reasonableness, and adequacy of the parties' proposed settlement agreement.

FLSA collective action and Rule 23 class action settlement agreements must be approved by the Court. Fed. R. Civ. P. 23(e)(2); 29 U.S.C. § 216(b)-(c); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). In the class action context, the Court serves as a fiduciary for the class and must determine whether the settlement is fair, reasonable, and adequate. *Kaufman v. Am. Ex. Travel*, 877 F.3d 276, 283 (7th Cir. 2017). "Normally, a settlement is approved where it is the result of contentious arm's length negotiations, which are undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010) (internal quotation omitted); Fed. R. Civ. P. 23(e). The Court must consider "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder*, 750 F.Supp.2d at 995. The following factors may be considered:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of

  establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Id.*

  Having reviewed the Settlement Agreement, Motion for Final Approval, and the information presented by counsel at the hearing, the Court finds that the settlement in this matter was reached in good faith and at arm's length, and is a fair, reasonable, and adequate compromise of the vigorously disputed issues in this case. In addition to the findings and reasoning set forth on the record, the Court notes the following:

- Plaintiffs' counsel was diligent and used all reasonable efforts in attempting to locate class members;

- The excellent response rate to the notices that were sent to the FLSA collective action members and the Rule 23 class members indicates that the method of notice was effective;

- No individuals filed objections to settlement;

- The total settlement amount paid was the result of extensive negotiations between the parties, and the average amount is reasonably close to the maximum average amount each individual could obtain if the cases were litigated individually;

- The fees the Court will award Plaintiffs' counsel in the amount of $475,460.37 are consistent with the contract between Plaintiffs' counsel and his clients, reflect Mr. Bradley's contingency fee agreement of 33% of the net recovery after subtracting costs and expenses from the overall settlement amount, and are fair and reasonable, based on

    the amount of work counsel undertook in this litigation, a reasonable hourly rate, and the amount of fees actually incurred;

- The costs the Court will award Plaintiffs' counsel in the amount of $59,211.20 are likewise fair and reasonable and based upon costs and expenses actually incurred;

- The parties have negotiated the amount of attorneys' fees, so an effective marketplace to determine the appropriate amount of fees was present here. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F.Supp.2d 806, 814 (E.D. Wis. 2009) ("[a]n appropriate attorneys' fee award is one that 'recreates' the market for the provided legal services") (citing *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000) ("where the district court is asked to award reasonable attorneys' fees or reasonable costs, the measure of what is reasonable is what an attorney would receive from a paying client in a similar case")); and

- The stipulated second distribution meaningfully enhances the value of the settlement to the class.

For these reasons, the Court now **APPROVES** and **AWARDS** the incentive payments for the named Plaintiffs in the amounts of $10,000 each for Mr. Bradley and Mr. Edwards, and $1,000 each for Amber Neumann, Mark Kaufman, John Osick, Jodi Wittrock, Curtis Similton, Ryan Hagarty, Thomas Harnik, William Fisher, Richard Stenquist, and Andrew Smith. The Court **GRANTS** Plaintiffs' Motion for Final Approval of Class Counsel's Attorney's Fees [150] to the extent that it **AWARDS** Plaintiffs' Counsel fees from the total settlement fund in the amount of $475,460.37 and costs and expenses in the amount of $59,211.20. The Court finally **GRANTS** Plaintiffs' Motion for Final Approval [150] and **APPROVES** the parties' settlement, as modified by the stipulation above, as a fair, reasonable, and adequate compromise of a bona fide dispute.

Therefore, this matter is **DISMISSED WITH PREJUDICE** and without fees, costs, or disbursements to any party, except as provided above as to Plaintiffs' fees and costs. Payments to class members under the Settlement Agreement shall commence no sooner than thirty days from the Court's final approval of the settlement agreement, in accordance with the terms of the parties' August 17, 2018 Stipulation of Class/Collective Action Settlement, as modified by the stipulation set forth above.

Date: 3/7/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**